UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSEPH F. GREENE,

    Plaintiff,

v.                                            Case No:    6:19-cv-531-Orl-NPM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

**ORDER**

This matter comes before the Court on the Unopposed Motion for Attorney's fees, filed on February 25, 2020. (Doc. 24). Plaintiff states that the Commissioner does not object to the relief requested. (*Id.* at 2). The parties consented to proceed before a United States Magistrate Judge for all proceedings. (*See* Doc. 19). For the reasons below, the Court grants the Unopposed Motion for Attorney's Fees (Doc. 24).

On December 3, 2019, the Court entered an Order (Doc. 22), reversing and remanding this action to the Commissioner "for further administrative proceedings as follows: "On remand, the Commissioner will instruct the Administrative Law Judge (ALJ) to address the Neck (Cervical Spine) Conditions Disability Benefits Questionnaire as well as the Headaches (including Migraine Headaches) Disability Benefits Questionnaire from Dr. Kenneth Myers as required under 20 C.F.R. § 404.1520c." (Doc. 22 at 1-2). Thus, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), Plaintiff filed a request for an award of $3,755.70 in attorney's fees and $400.00 in costs. (Doc. 24 at 1).

In order for Plaintiff to receive an award of fees under EAJA, 28 U.S.C. § 2412, the following five conditions must be established: (1) Plaintiff must file a timely application for attorney's fees; (2) Plaintiff's net worth must have been less than $2 million dollars at the time the Complaint was filed; (3) Plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) the position of the United States must not have been substantially justified; and (5) there must be no special circumstances that would make the award unjust. 28 U.S.C. § 2412(d); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). The Commissioner does not contest that Plaintiff meets the requirements under EAJA. (Doc. 27 at 2). Upon consideration, the Court finds that all conditions of EAJA have been met.

EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988). The resulting fee carries a strong presumption that it is a reasonable fee. *City of Burlington v. Daque*, 505 U.S. 557, 562 (1992). The Court determines that after review of the services provided, 18.3 hours expended by attorneys Richard A. Culbertson and Sara P. Jacobs are reasonable in this case. (*See* Doc. 24 at 6).

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Thus, determination of the appropriate hourly rate is a two-step process. The Court first determines the prevailing market rate; then, if the prevailing rate exceeds $125.00, the Court determines whether to adjust the hourly rate. *Meyer v. Sullivan*, 958

F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must be determined according to rates customarily charged for similarly complex litigation and are not limited to rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). Plaintiff requests the hourly rate of $205.23 for the years 2019 and 2020. (Doc. 24 at 6). The Court finds this hourly rate appropriate.

Accordingly, the Court determines that 18.30 hours at the hourly rate of $205.23 is a reasonable fee. The Court awards $3,755.70 in attorney's fees. (*Id.*). Plaintiff also requests $400.00 in costs for filing fees. (Doc. 24 at 1). The cost of filing the Complaint was $400.00. Pursuant to 28 U.S.C. § 2412 and as enumerated in 28 U.S.C. § 1920, this cost is permitted to be awarded to the prevailing party. Therefore, the Court will award $400.00 in costs.

Plaintiff filed a Retainer Agreement-Federal Court Appeal. (Doc. 24-1 at 1). In this agreement, Plaintiff agreed "to assign[ ] his right to any attorney fees awarded under the Equal Access to Justice Act to attorney, Richard A. Culbertson. It is agreed that Richard A. Culbertson will pay any amounts due to any other attorney who works on claimant's case. Claimant agrees that all attorney fees awarded by the court will be paid directly to Richard A. Culberson." (*Id.*). Thus, the Court will allow the fees to be paid directly to counsel if the United States Department of Treasury determines that no federal debt is owed by Plaintiff.

Accordingly, it is hereby **ORDERED**:

1) The Unopposed Motion for Attorney's Fees (Doc. 24) is **GRANTED** and the Court awards $3,755.70 in attorney's fees and $400.00 in costs.

2) These fees may be paid directly to counsel if the United States Department of Treasury determines that no federal debt is owed by Plaintiff Joseph F. Greene.

3) The Clerk of Court shall enter an amended judgment accordingly.

**DONE** and **ORDERED** in Fort Myers, Florida on February 26, 2020.

*Nicholas P. Mizell*
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties